NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3126
_____

I.T.E.C. and
STATE WORKERS'
INSURANCE FUND (PA),
Petitioners

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR;
SHIRLEY A. BENAMATI, widow of
BERNARD BENAMATI,
Respondents
_____

Petition for Review of a Decision and Order
of the Benefits Review Board
(Agency No. BRB-1:09-0677 BLA)
Administrative Law Judge:  Honorable Daniel L. Leland
_____

Submitted Under Third Circuit LAR 34.1(a)
November 22, 2011

Before:  RENDELL, BARRY and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: April 3, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

ITEC petitions for review of a June 10, 2010 Decision and Order of the Department of Labor's Benefits Review Board awarding Black Lung Benefits Act survivor's benefits to Shirley A. Benamati. The BRB held that Ms. Benamati was entitled to survivor's benefits under 30 U.S.C. § 932(*l*), as amended in 2010 by the Patient Protection and Affordable Care Act ("PPACA"), Pub. L. No. 111-148, § 1556(b) (2010), because her claim was filed after January 1, 2005; it was pending on March 23, 2010; and her husband, a miner, was receiving benefits under a final award at the time of his death. Because this case raises issues we considered and resolved in *B&G Construction Co. v. Director, OWCP*, 622 F.3d 233 (3d Cir. 2011), we will deny the petition for review.

The 2010 PPACA amendments to the Black Lung Benefits Act changed the rules governing survivor's benefits under the Act. Before the 2010 amendment, section 932(*l*) provided:

> In no case shall the eligible survivors of a miner who was determined to be eligible to receive benefits under this subchapter at the time of his or her death be required to file a new claim for benefits, or refile or otherwise revalidate the claim of such miner, *except with respect to a claim filed under this part on or after the effective date of the Black Lung Benefits Amendments of 1981*.

30 U.S.C. § 932(*l*) (emphasis added). In practice, this provision meant that survivors of miners with certain types of pneumoconiosis who filed a claim after January 1, 1982 had to prove that pneumoconiosis caused the miner's death to receive survivor's benefits. *See B&G Construction*, 662 F.3d at 238, 242-43.

Section 1556 of the PPACA amended section 932(*l*) by "striking 'except with respect to a claim filed under this part on or after the effective date of the Black Lung Benefits Amendment of 1981.'" Pub. L. No. 111-148, § 1556(b), 124 Stat. 119 (2010). In *B&G Construction*, we held that, as amended, section 932(*l*) "operate[s] to ensure that any eligible survivor of a deceased miner who was eligible to receive benefits at the time of his death does not have to file a new claim or otherwise establish that pneumoconiosis was a cause of the miner's death in order to continue receiving benefits." 622 F.3d at 253. The PPACA specified that its amendment to section 932(*l*) applies to Black Lung Benefits Act claims that were filed after January 1, 2005 and remained pending on or after March 23, 2010, the PPACA's enactment date. Pub. L. No. 111-148, § 1556(c), 124 Stat. 119 (2010); *see also B&G Construction*, 662 F.3d at 244.

In this case, the BRB determined that Ms. Benamati's husband was receiving benefits when he died, that she filed her claim after January 1, 2005, and that her claim remained pending after March 23, 2010. Applying amended section 932(*l*), it held that Ms. Benamati was automatically entitled to survivor's benefits, without proving that pneumoconiosis caused her husband's death. ITEC's petition for review does not challenge any of the BRB's factual determinations or its interpretation of section 932(*l*). It argues only that (1) amended section 932(*l*) creates an irrebuttable presumption of death by pneumoconiosis, which violates procedural and substantive due process, and (2) applying the 2010 amendments retroactively effects an unconstitutional taking under the Fifth Amendment.

We considered and rejected precisely those arguments in *B&G Construction*.[1] We held, first, that the PPACA amendments to section 932(*l*) do not violate procedural due process because the amendments do not create any presumption, let alone an irrebuttable presumption. We noted that, even if the amendments *had* created such a presumption, that would not automatically violate the Due Process Clause. 662 F.3d at 254. We also rejected the argument that the amendments violate substantive due process because they lack a rational basis and run counter to the purpose of the Black Lung Benefits Act.[2] *Id.* at 255-59. Specifically, we held that the petitioner "failed to show that Congress acted in an arbitrary or irrational manner in enacting the amendment" and observed that "the Fifth Amendment's Due Process Clause provides no remedy to [the petitioner] predicated on its disagreement with Congress' policy decision to amend the Act." *Id.* at 259. Finally, we considered the Takings Clause question in detail and concluded that all three of the relevant factors — the economic impact of the regulation, the extent to which the

---

[1] We offered ITEC the opportunity to comment on the applicability of *B&G Construction* to this case. In its response, ITEC urged us only to wait to decide its case until *B&G Construction*'s petition for rehearing was resolved; it did not argue that this case was distinguishable in any way.

[2] We note that ITEC's substantive due process argument is framed in exactly the same language as the argument we addressed and rejected in *B&G Construction*. *Compare* Pet'r's Br. 35 ("The effect of the irrebuttable presumption is to transform what has always been a compensation system based on death due to pneumoconiosis, into a pension system that awards survivor benefits upon the death of a miner, without regard to the cause of the miner's death."), *with B&G Construction*, 662 F.3d at 255 ("B&G argues that section 932(*l*) creates an irrebuttable presumption that a miner who was receiving black lung benefits at the time of his death died of pneumoconiosis, thereby transforming 'what has always been a compensation system based on death due to pneumoconiosis, into a pension system that awards survivor benefits upon the death of a miner, without regard to the cause of the miner's death.'").

4

regulation interferes with distinct investment-backed expectations, and the character of the challenged governmental action — weighed against finding that amended section 932(*l*) effects an unconstitutional taking. *Id.* at 260-63.

Because ITEC has offered no new issues for us to consider, we will follow *B&G Construction* and deny ITEC's petition for review.